SALT LAKE CITY v. WIGHT, Judge.

No. 3733.  Decided February 9, 1922.  Rehearing denied April 21, 1922.  (205 Pac. 900.)

CRIMINAL LAW—INTOXICATING LIQUORS—SEARCHES AND SEIZURES—SEIZURE OF LIQUOR WITHOUT WARRANT FOR OFFENSE COMMITTED IN PRESENCE OF OFFICER HELD LEGAL, NOT UNREASONABLE, AND ADMISSIBLE IN EVIDENCE. Where city ordinance required police officers to investigate rooming houses to learn whether intoxicating liquor was being sold therein, and during such an investigation the owner of a rooming house, in the presence of an officer, drank liquor out of a bottle, and gave the bottle to another, under Comp. Laws 1917, § 8714, subd. 1, the seizure of the liquor without a warrant for an offense committed in the presence of the officer was legal, and not objectionable as violating provisions of Const. U. S. Amend. 4, and Const. Utah, art. 1, § 14, relating to unreasonable searches and seizures, and entering an order suppressing this evidence by destroying the liquor was error.

Application by Salt Lake City for a writ of certiorari to L. B. Wight, as Judge of the District Court of Salt Lake

County. Defendant, on petition of Mrs. R. C. Jones, entered an order suppressing as evidence against petitioner certain intoxicating liquor, ordering it destroyed, and ordering that a marked silver dollar be returned to petitioner. Plaintiff brings certiorari.

ORDER VACATED.

*Wm. H. Folland,* City Atty., and *Shirley P. Jones,* Asst. City Atty., both of Salt Lake City, for plaintiff.

*R. Gilray* and *F. C. Loofbourow,* both of Salt Lake City, for defendant.

CORFMAN, C. J.

The plaintiff, Salt Lake City, a municipal corporation, applied for and was granted a writ of certiorari requiring the defendant, as a judge of the district court of Salt Lake county, to certify to this court for review a transcript of certain collateral proceedings had before him as said judge for the purpose of determining why certain personal property alleged to have been unlawfully seized and held by the plaintiff should not be returned to the claimant without first being used or received in evidence as exhibits upon a trial of a criminal case pending before said district court wherein Salt Lake City is plaintiff and one Mrs. R. C. Jones is the defendant. Said record has been duly certified to this court and the matter brought on for hearing in the usual way.

The record shows that on January 6, 1921, said Mrs. R. C. Jones was tried and convicted by a jury in the city court of Salt Lake City upon a complaint of the plaintiff charging her with having committed the offense of selling intoxicating liquor in violation of the ordinances of Salt Lake City. From said conviction an appeal was taken to the said district court, where the case was regularly brought on for trial before the defendant as judge sitting with a jury January 17, 1921. After the evidence had been taken and the case submitted, the

jury failed to arrive at a verdict. Thereupon said jury was discharged and the case reset without date for further trial. Before said case was again brought on for trial, February 2, 1921, the said defendant, Mrs. R. C. Jones, served upon the plaintiff and filed in said district court a petition setting forth in substance that her home, the Rio Hotel, No. 168½ Regent street, in Salt Lake City, had been wrongfully and unlawfully entered by officers of the plaintiff city without a legal warrant or other due process of law, and that they, on said occasion, arrested petitioner and took her to the city jail, where she was searched and a marked silver dollar taken from her person; that a pint bottle with its contents had also been taken from a guest at said hotel and carried away against the protests of and without the petitioner's consent; that petitioner did not consent in any way to the searching of her premises, but strongly protested against any search being made by said officers; and that said silver dollar and said bottle with its contents are the property of petitioner and that she is entitled to the possession of the same.

Petitioner prayed for the return of said property to her possession and also that an order be made by the said court that said marked dollar and said bottle with its contents are inadmissible in evidence against her at any trial to be had of the aforesaid case. Thereupon March 2, 1921, the plaintiff, by a special appearance before the court for the purpose, moved to strike said petition from the records and files in the case upon several grounds, mainly to the effect that the court was without jurisdiction to hear said petition and that upon its face it stated no facts entitling the petitioner to the relief for which she prayed. Said motion was denied by the court, and thereupon the city answered and admitted that certain officers of the police department of plaintiff city had arrested petitioner and at the time of the arrest caused her to be searched and a marked silver dollar to be taken from her person; denied the other allegations of the petition; and, as a further defense thereto, affirmatively alleged that the petitioner had theretofore applied for and was granted by plaintiff city, pursuant to its ordinances, a license to transact busi-

ness as a rooming house keeper at said 168½ Regent street; that said ordinances with reference to rooming houses and the licensing thereof in part provides:

"It is also hereby made the duty of the chief of police, after a license has been granted to keep a rooming house, to investigate and examine the place licensed as a rooming house in regard to the matters hereinafter stated, and if it shall appear from such investigation and examination that the general reputation and character of the person to whom such license has been granted, or that the general reputation and character of the persons lodging or entertained at the place licensed is bad, or that such person or place, or any person connected therewith or lodging therein, has a United States government or other license to sell or dispose of any kind of liquor, or that any law of the state or ordinance of the city has been violated since the granting of such license, or if any spirituous, vinous, fermented or malt liquor has been sold or kept for sale in said house or place, or any place connected with it, by any person, since the granting of such license, * * * the chief of police shall at once report the particular facts in regard to such matters * * * to the board of commissioners with recommendation in regard to revoking such license, which board shall take such action in regard to the revocation of such license as it may deem just and proper."

That the said officers of the plaintiff, upon the occasion mentioned in said petition, entered the premises of the petitioner, in accordance with the provisions of said ordinance for the purpose of investigating and examining the same to determine if any intoxicating liquors had been sold or were being kept for sale thereat; that petitioner was present in person at the time of the visit of said officers and had personal charge of said Rio Hotel; that while the said officers were investigating and examining the same, the said petitioner was in the possession of intoxicating liquor contained in a pint bottle, which said liquor she attempted to drink or otherwise dispose of in the presence of said officers; that under the provisions of Comp. Laws Utah 1917, § 8714, subd. 1, the said officers did thereupon then and there arrest the petitioner and took her in custody and caused her person to be searched; that upon search of her person the said marked silver dollar was found in her possession, and the same, together with said bottle of intoxicating liquor, was taken and

held as evidence against her in the said criminal case now pending before the court; that many complaints had theretofore been made to plaintiff's police department concerning the character of the persons frequenting said Rio Hotel, and that persons had been observed coming therefrom in an intoxicated condition, and that the acts and conduct of said officers complained of by petitioner were actuated by the sole motive of enforcing the law, as required by the ordinances of Salt Lake City and the laws of the state of Utah prohibited any person doing business under sufferance of a license from the plaintiff from violating such ordinances and laws.

The petitioner filed a reply in effect alleging that the entrance of the said officers was unlawful and contrary to the rights of petitioner, under the provisions of the Fourth Amendment to the United States Constitution and article 1, § 14, of the Constitution of the State of Utah.

Upon the issues thus formed, the district court proceeded to hear the evidence of the respective parties, and found therefrom that the arrest of the petitioner had been made for an allged misdemeanor not committed in the presence of the officers making the arrest, and further to the effect that the taking of said property and the holding of them from petitioner's possession was violative of her constitutional rights. The court thereupon made and entered its order suppressing as evidence against the defendant in said criminal action the said personal property, and further ordered that the marked silver dollar be forthwith returned to the possession of petitioner and that the intoxicating liquor and the bottle in which it was contained be forthwith destroyed.

The evidence concerning the conditions and circumstances under which plaintiff's officers seized and took possession of the property affected by the aforesaid order of the district court, briefly stated, discloses the following facts: One Mrs. R. C. Jones, the defendant in criminal action 5702 wherein said order was made, had, on November 19, 1920, applied to the plaintiff for, and on or about December 2, 1920, was granted, a license to transact business as a rooming house keeper at No. 168½ Regent street (Rio Hotel) in Salt Lake

City under the provisions of the ordinances of Salt Lake City relating to licenses. Said ordinances, among other things, provided that it is the duty of the chief of police of said city to "investigate and examine" any place licensed as a rooming house for the purpose of ascertaining if any intoxicating liquor has been sold or is being kept for sale in said house or place, or any place connected with it by any person, since the granting of said license. The evidence conclusively shows that on or about December 18, 1920, and for some time prior thereto, the defendant Mrs. R. C. Jones was occupying and conducting said Rio Hotel as a licensed public rooming house under the ordinances of Salt Lake City. During said time complaints were made to the police department of the plaintiff city as to the disorderly manner in which said hotel or rooming house was being conducted. For that reason the police department was keeping said place under surveillance. Intoxicated persons were seen going in and coming out of said hotel. On the date last mentioned, one Rose, who had been acting for and under direction of plaintiff's policemen belonging to the "anti-vice squad," was given a marked silver dollar for the purpose of buying whisky at said hotel. Said Rose was first searched by said officers and found to have no intoxicants upon his person. Rose then went to the hotel, remained there 10 or 15 minutes, during which time he was served by Mrs. Jones with two drinks of whisky, for which he paid to her the marked silver dollar. Immediately after his return, about 4 p. m., plaintiff's officers, accompanied by a United States prohibition agent, went to the hotel and met the defendant R. C. Jones there and told her that they intended to search her hotel for liquor. Defendant inquired who they were and if they had a warrant. The officers informed her that they did not need a warrant. The officers then proceeded to investigate, examine, and search the premises (what they actually did do is not made clear from the evidence, and no liquor was found, nothing but empty whisky bottles. Defendant was then asked if she had any money. At first she denied having any. Afterwards she produced a purse, but no marked coin was found in it. She then stated

that the contents of the purse was all the money she had in the house. An officer then told her they would have to take her to the matron at the jail and have her searched. Defendant then became nervous and began walking from one room to another and was followed by an officer who testified:

"I kept right close by her, and she wanted to go in the bathroom. I told her I was going in too if she went in, and she changed her mind, and finally she went into a little dark room on the south part of the hotel. I didn't have my flashlight with me, but I could see. Just as she got inside of the door, she pulled a pint bottle out of the front of her dress and I saw her start to take it up to her lips. She had it up to her lips at the time evidently, because it choked her. I could very readily detect the odor of liquor."

The same witness testified that a guest of the hotel then passed by the door of the room, and that the defendant handed the bottle to him, and that he ''grabbed the fellow and took the bottle away from him.'' The plaintiff's officers thereupon took the defendant to the police station, and the matron searched her and took from her person a small bag of coins, among which was found the marked dollar. Concerning the manner in which the so-called search for and seizure of the marked coin was made, the defendant herself testified, when asked if she resisted: ''I never resisted. I told them to search me before I went over there.'' As to the bottle, the defendant testified:

"Q. You heard his (Officer Bringhurst) testimony about this bottle. You didn't have any bottle? A. No, sir. Q. Did you see this bottle in the Rio Hotel, this bottle that is marked 'City's Exhibit 2'? A. No."

It is argued and contended for in support of the rulings of the trial court that the constitutional rights of the defendant Mrs. R. C. Jones were being violated by the plaintiff's officers in seizing and holding the said coin and bottle of whisky, and that the district court was fully justified in suppressing their use as evidence in the said criminal case then pending before it and in ordering the coin returned to the defendant and that the bottle with its contents be destroyed. In support of this contention, we are cited to numerous adjudicated cases, particularly United States Supreme Court and federal court cases, and also a few state cases, holding that where evidence

has been obtained by means of unlawful search and seizure the same, upon timely application of the criminally accused against whom the evidence is to be offered it may be suppressed. *Weeks* v. *United States,* 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; *Silverthorne* v. *United States,* 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; *United States* v. *Rykowski* (D. C.) 267 Fed. 866; *State* v. *Peterson,* 27 Wyo. 185, 194 Pac. 343, 13 A. L. R. 1284.

On the other hand, the plaintiff contends that a contrary rule prevails, particularly in state court cases, and we are cited to many cases to support its contention, among them *Williams* v. *State,* 100 Ga. 511, 28 S. E. 624, 39 L. R. A. 269, where many of the state cases relied upon by plaintiff are referred to and discussed.

After a careful perusal of the record in the matter here for consideration, it would seem that all parties concerned have attached more importance to the question discussed in the briefs than the instant case demands. The evidence shows that the defendant Mrs. R. C. Jones was conducting a public rooming house at No. 168½ Regent street, Salt Lake City, under a city license issued to her by the plaintiff pursuant to its ordinances providing that it was the duty of the police department, after said license had been granted, to investigate and examine said place for the purpose of ascertaining whether, among other things, intoxicating liquors were being sold or kept for sale thereat while so being operated as a rooming house or hotel. The contention is made that, under the guise of inspecting and examining said place, the plaintiff's officers wrongfully and unlawfully searched the said rooming house and seized the personal property which the defendant sought to have suppressed and which the district court did suppress as evidence against her. In the light of the facts and circumstances disclosed by this record, we very much question the propriety of this court to assume that a proper case has been presented to proceed with a discussion of the rules of law that should be held applicable in cases where the question is whether or not the constitutional rights

of the accused have been invaded by reason of alleged wrongful search and seizure. The only question presented here, and the only one that can be properly decided by us, is whether or not the district court was justified, in view of the facts and circumstances disclosed by the evidence, in making the order it did make.

It is quite certain that the plaintiff's officers had, under the ordinances, not only the right, but that it was made their plain duty, especially under the facts and circumstances, to investigate and examine the licensed premises of the defendant for the purpose of ascertaining whether intoxicating liquors were being sold or disposed of therein in volation of law. There is nothing in the evidence tending to show that the officers exceeded their authority in that regard. True, one of the witnesses for the plaintiff, an officer testified that they "searched" the premises; but he also stated that they found no intoxicating liquors while doing so. The witness might have used the expression that they "investigated," or that they "examined," the hotel; but to conclude that the acts of the officers were unlawful, without showing what was actually done, would be making a mere play upon words. One thing is absolutely certain. From the evidence in the record the officers seized no property until after the so-called search, nor until the defendant, in their presence, without being called upon to do so, produced a bottle of whisky, took a drink, and then passed the bottle with its contents to an inmate or guest at the hotel. It then became the duty of plaintiff's officers, under the law, to seize that liquor without a warrant, for an offense was then committed in their presence. Section 8714, subd. 1, Comp. Laws of Utah 1917.

It may well be that under some circumstances, in a proper case, the trial court would be justified in making an order suppressing evidence and even going so far as to order that intoxicating liquor be destroyed so as to preclude its being used as evidence against one who is criminally·accused, but no such a case is presented upon this record for our consideration and determination.

If the defendant's sworn statement is to·be accepted as

true, that no such bottle of whisky as the trial court in this instance ordered suppressed as evidence was ever in her possession or in or about her rooming house, it is difficult to conceive upon what theory she may now rightfully claim it as her property or contend that it was obtained by an unlawful search and seizure.

It cannot be gainsaid that peace officers should be extremely guarded against any invasion of the homes and the places of business of private individuals while actively engaged in the discharge of the manifold duties they owe to society and in the interests of the public welfare; but, until it is shown in a proper manner and in a proper case that they have exceeded their lawful authority in that regard, the courts will not feel called upon to discuss or determine moot questions for their official guidance. In the present case we think the only question to be determined is whether, under the facts and circumstances, the trial court erred and exceeded its authority in making the order complained of by the plaintiff. For the reasons stated we think it did.

It is therefore ordered that the district court vacate and set aside its order suppressing certain evidence, to wit, one marked silver dollar and one bottle containing whisky, and in ordering said marked silver dollar returned to the defendant and said whisky destroyed in case No. 5702 pending before said court wherein Salt Lake City, a municipal corporation, is plaintiff, and Mrs. R. C. Jones is defendant. It is further ordered that no costs be taxed in this proceeding against the defendant district judge of said court.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.