## Fletcher v. Commonwealth.

(Decided November 28, 1922.)

### Appeal from Rockcastle Circuit Court.

Intoxicating Liquors—Reputation of Accused as Bootlegger.— While on a prosecution for a violation of the prohibition liquor act, chapter 33, Acts 1922, evidence that the reputation of the accused is that of a "bootlegger" of intoxicating liquors is made admissible by section 15 of the act, where, as in this case, the offense for which the accused was indicted and prosecuted was committed prior to the passage of that act and was a violation of the previous prohibition act of 1920, which contained no provision making that character of evidence admissible, and there is no general law recognizing its competency, the admission against the accused of such evidence by the trial court, over his objection, was reversible error.

L. W. BETHURUM and S. D. LEWIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY · JUDGE SETTLE—Reversing.

The appellant, Charley Fletcher, charged by indictment in this case with the offense of unlawfully transporting spirituous liquors, was by verdict of a jury found guilty and his punishment fixed at a fine of $250.-00 and sixty days' confinement in jail. He now appeals from the judgment entered upon that verdict. It is sufficient to say of the evidence heard on the trial, that it amply authorized the submission of the case to the jury and that the court properly instructed the jury. The record, however, discloses a single error committed by the trial court that will compel the reversal of the judgment. This error resulted from the court's admission as substantive proof of the appellant's guilt, certain evidence regarding his general reputation as a "bootlegger" of spirituous liquors. Several witnesses were permitted to testify that his reputation as an unlawful trafficker in such liquors was well known, all of which evidence was objected to by him and the objections overruled and excepted to. Such evidence would have been competent if the offense had been committed against and the appellant indicted under chapter 33, Acts 1922, section 15 of which makes this character of evidence admissible. But as the offense in this case for which the indictment was returned, was one committed under and denounced by the prohibition enforcement act of 1920, which contains no provision making competent or admissible evidence like that in question, and there is no general law recognizing its competency, it clearly results that the admission of such evidence against the appellant was error of such character as necessarily prejudiced his substantial rights. For the reason indicated the judgment is reversed.