Argued March 24, affirmed April 12, rehearing denied May 24, 1927.

## STATE v. OTTO MUETZEL.

### (254 Pac. 1010.)

**Intoxicating Liquors—Sheriff, Having Warrant to Search for Still, had Right to Seize Liquors Found on Premises Searched.**

1. Sheriff, having warrant issued in compliance with Sections 1852–1856, Or. L., to search premises for still, its equipment, and mash, had right to seize wine and other intoxicating liquor found on premises, since, not being a trespasser, on learning that crime was being committed in his presence and seeing evidence thereof, it was his duty to seize things used for purpose of committing crime.

**Searches and Seizures — Officer, Having Search-warrant Describing Certain Property, if Lawfully on Premises, may Seize Other Property That He Discovers Being Used in Commission of Crime.**

2. Although, as general rule, officer in executing search-warrant has no right to seize property by virtue of search-warrant, other than that described therein, he may, if lawfully on premises, seize property that he discovers by his own senses is being used as instrumentality in commission of crime.

**Criminal Law—Sheriff's Erroneous Return, Describing Property Seized, not Described in Search-warrant, Did not Affect Admissibility of Evidence.**

3. Sheriff's return, describing whisky, wine and moonshine seized under warrant to search premises for still and its equipment, did not affect admissibility of evidence.

121 Or.—36

**Intoxicating Liquors—Accused must have Knowledge That Liquor was in His Possession to Constitute Unlawful Possession.**

4. Before prosecution could make a complete case of unlawful possession of intoxicating liquor against accused, it was compelled to show, not only that liquor found in chicken-house on defendant's premises was in his actual or constructive possession, but that he had knowledge thereof.

**Criminal Law—Evidence That Accused Possessed Other Liquors Than Those Described in Pleading Held Admissible to Establish Accused's Conscious Possession of Liquor Described.**

5. In prosecution for possessing liquor, evidence that accused, at or about time and place of alleged commission of offense charged, possessed *other* intoxicating liquors than those described in pleading, *held* admissible to establish defendant's conscious possession of liquor described in pleading.

**Criminal Law—Courts Take Judicial Knowledge That "Moonshine Whisky" is Intoxicating Liquor.**

6. Proof of possession of moonshine whisky constituted proof of possession of intoxicating liquor, since courts take judicial knowledge that moonshine whisky is an intoxicating liquor.

**Intoxicating Liquors—State Need not Prove That Liquor Possessed or Sold as Intoxicating is Suitable for Beverage (Or. L., § 2224—1).**

7. Under Section 2224—1, Or. L., defining intoxicating liquor, state does not have to prove that liquor possessed or sold as intoxicating is fit, proper or suitable for a beverage.

---

Criminal Law, 16 C. J., p. 571, n. 93, p. 605, n. 16 New, p. 607, n. 70, New, p. 1063, n. 85, p. 1067, n. 97; 17 C. J., p. 317, n. 10.

Intoxicating Liquors, 33 C. J., p. 492, n. 9, p. 493, n. 23 New, p. 496, n. 78, p. 585, n. 98 New, 5, p. 681, n. 91 New, p. 760, n. 34, p. 761, n. 53, p. 762, n. 61, p. 780, n. 17, p. 791, n. 47, 48, p. 794, n. 94.

Searches and Seizures, 35 Cyc., p. 1266, n. 16.

From Douglas: JAMES W. HAMILTON, Judge.

In Banc.

The defendant herein was convicted, in the Justice Court for Deer Creek District, Douglas County, Oregon, of the offense of the unlawful possession of intoxicating liquor. From the judgment there rendered he appealed to the Circuit Court, where he was again convicted. He appeals to this court, assigning error of the trial court in denying his application to return

certain contraband goods taken from the defendant's premises and in refusing to make an order suppressing evidence relating to its possession, in its ruling in admitting certain evidence and in rejecting certain other evidence, and in charging the jury.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Albert Abraham.*

For respondent there was a brief and oral argument by *Mr. Guy Cordon,* District Attorney.

BROWN, J.—The sheriff of Douglas County, Oregon, in the execution of the commands of a search-warrant, called to his assistance four deputies and searched the defendant's premises for "mash, still, supplies, equipment and appliances suitable and used for the manufacture of intoxicating liquor, to wit, whisky," and, while so engaged, discovered a barrel of fermenting vinous liquor in the defendant's barn. Concealed in the chicken-house they likewise discovered a jar alleged to contain moonshine whisky, and, in the dwelling-house, a number of glass containers which gave forth an odor evidencing that they had formerly held intoxicating liquor. The officers seized one of the containers, the barrel of vinous liquor and the jar of moonshine, delivered the same to the magistrate issuing the search-warrant, and made the following return, duly verified:

"I received the within search-warrant and executed the same * * by searching the premises therein described and taking into my custody about one-half gallon of moonshine whisky and one fifty-gallon barrel partly filled with wine, and one gallon jug and one pint bottle with moonshine therein, all taken

from the possession of Otto Muetzel on said premises.''

1. In the issuance of the search-warrant, the magistrate complied with Sections 1852, 1853, 1854 and 1855, Or. L. He likewise complied with Section 1856 by describing with reasonable certainty the place to be searched, and, with reasonable particularity, the things to be searched for. The record shows that the sheriff was searching for a still, its equipment and mash, and not for wine or other intoxicating liquor. However, that officer was not a trespasser upon the defendant's premises, and, when he learned that a crime was being committed in his presence, and saw the evidence thereof, he had a right, and it was his duty as a law enforcing officer, to seize the things that were used for the purpose of committing the crime. The law is properly stated by the federal court in *United States* v. *Camarota,* 278 Fed. 388, where it is written:

''The officer, having entered upon the premises without having committed a trespass, and thus being lawfully there, and seeing a crime being committed, had a perfect right, and it was his plain duty, to seize the articles which were being used in committing the crime. In making such seizure, the officer could not do so by virtue of the search-warrant, but in the performance of his general duty to prevent the commission of crime.''

See, also, the following cases: *United States* v. *Borkowski,* 268 Fed. 408; *Kathriner* v. *United States,* 276 Fed. 808; *Vachina* v. *United States,* 283 Fed. 35; *United States* v. *Rembert,* 284 Fed. 996; *United States* v. *McBride,* 287 Fed. 214; *State* v. *District Court of Ninth Judicial District in and for Gallatin County,* 72 Mont. 77, 231 Pac. 1107; *Fletcher* v. *Com-*

*monwealth,* 196 Ky. 625 (245 S. W. 134); *Salt Lake City* v. *Wight,* 60 Utah, 108 (205 Pac. 900).

2, 3. So, while it is a general rule that the officer, in executing a search-warrant, has no right to seize any property by virtue of such warrant other than that described therein, this does not affect his duty, if lawfully upon the premises, to seize property that he discovers by his own senses is being then and there used as an instrumentality in the commission of a crime. The sheriff's erroneous return should not have affected the admissibility of the evidence.

4, 5. It is asserted that the court erred in the admission of the evidence showing that the defendant possessed liquor other than that upon which the complaint was based. With certain exceptions designated by law, it is unlawful to possess intoxicating liquor within the State of Oregon. However, we are taught by the doctrine announced in the case of *State* v. *Cox,* 91 Or. 518 (179 Pac. 575), that an unlawful possession of intoxicating liquor, within the meaning of the Prohibition Law, involves a conscious possession of such liquor. Hence before the prosecution could make a complete case against the defendant, it was compelled to show, not only that the liquor found in the chicken-house was in his actual or constructive possession, but that he had knowledge thereof. Such knowledge is a condition of the mind, and as a rule is not subject to direct proof; but it may be shown by surrounding circumstances relevant to the issue. For the purpose of establishing the defendant's conscious possession of the intoxicating liquor described in the pleading, the rules of evidence permit the prosecutor to support the accusation by evidence that the defendant, at or about the time and place of the alleged commission of the offense

charged, possessed other intoxicating liquors: *State v. Harris,* 106 Or. 211 (211 Pac. 944); McFadden, Prohibition, § 252; Joyce, Intoxicating Liquors, § 680; Underhill, Criminal Evidence, § 153. This holding disposes of the question of the admissibility of the exhibits seized by the sheriff, together with the assignment involving the opening statement of the district attorney wherein he alluded to the defendant's possession of liquors other than that described in the pleading.

We have read and considered the other objections of the defendant concerning the admissibility of evidence, but find no error in the court's ruling thereon that could have prejudiced the substantial rights of the defendant.

6. Now, as to the court's instructions: Courts will take judicial knowledge that moonshine whisky is an intoxicating liquor. So, in this case, the court properly instructed the jury, in effect, that proof of the possession of moonshine whisky constituted proof of the possession of intoxicating liquor: *State* v. *Harris, supra; State* v. *Edwards,* 106 Or. 58 (210 Pac. 1079), and authorities there noted.

7. The defendant requested certain instructions, some of which were modified by the court, while others were contained in the general charge of the court to the jury. The court's instructions were fair and full, and the defendant has no good reason to complain of any charge to the jury. As a concrete illustration of instructions requested by defendant, we quote the following:

"I instruct you that, unless you find that the defendant was in the conscious possession of intoxicating liquor *suitable for beverage purposes,* * * you cannot find the defendant guilty."

The court very properly modified this instruction. The intoxicating liquor may have been too poisonous and deadly to be "suitable" for beverage purposes and still have been intoxicating liquor as defined by statute.

"The words 'intoxicating liquor,' as used in this act, shall be construed to embrace * * all mixtures or preparations reasonably likely or intended to be used as a beverage which shall contain in excess of one-half of one per cent of alcohol, by volume." Or. L., § 2224—1.

It was not mandatory upon the state to prove that the liquor possessed or sold as intoxicating was fit, proper or "suitable" for a beverage.

With zeal and ability the defendant's attorney has pressed his client's cause upon our attention. However, after a patient examination of all alleged errors, we find no valid grounds on which to base a reversal. Hence this case is affirmed. AFFIRMED.