Argued May 11, affirmed June 8, 1960

# STATE OF OREGON *v.* RANDOLPH
### 353 P. 2d 238

*James M. Hafey,* Portland, argued the cause and filed a brief for appellant.

*Hattie Kremen,* District Attorney, Salem, argued the cause for respondent. On the brief was Thomas W. Hansen, Deputy District Attorney, Salem.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal from a judgment of the circuit court of Marion county where the defendant was convicted and sentenced for the crime of being in possession of a weapon capable of being concealed upon the person while being a convicted felon. ORS 166.270.

As his sole assignment defendant contends the trial court erred in not allowing defendant's motion to suppress evidence filed anterior to the trial and renewed at the conclusion of the testimony, claiming that such evidence was obtained by unreasonable and unlawful search and seizure.

It appears that on March 21, 1959, the defendant was a passenger in a Studebaker automobile which he owned and which was driven by Larry White at about 5:40 p. m. on U. S. Highway 99 east in Marion

county, Oregon. The vehicle was stopped by a state police officer and the driver, Larry White, was arrested on the charge of operating a motor vehicle while under the influence of intoxicating liquor. After taking White to the state police car and handcuffing him, the officer directed his attention to the Studebaker. Prior to stopping, the officer had noticed the defendant leaning toward the glove compartment, and thinking there might be a bottle of liquor there and without a search warrant, he opened the glove compartment and found a .32 caliber pistol and later found ammunition under the driver's seat. Questioning of the defendant by the officer elicited that defendant owned the gun and did not have a permit. The officer thereupon arrested him on a charge of carrying a concealed weapon. Subject to certain exceptions which are not a defense here, it is a misdemeanor for any person to carry within any vehicle under his direction or control a pistol, revolver or other firearm capable of being concealed upon the person without having a license therefor. ORS 166.250. Later it was determined that the defendant was a convicted felon and, hence, the present charge.

■ Defendant claims a citizen cannot be searched unless a search warrant has been issued and the affiant to the search warrant has probable cause to receive its issuance, except where an officer searches a citizen incidental to a lawful arrest, citing as authority therefor *State v. McDaniel,* 115 Or 187, 194, 231 P 965, 237 P 373. Subject to subsequent modifications, we hold this to be the rule. For a discussion of subsequent modifications and interpretations see *State v. Hoover,* 219 Or 288, 347 P2d 69.

■■ It is not contended that the arrest of Larry White was unlawful. Such arrest was completed when

he was placed under restraint. *State v. McDaniel,* supra, at pp 240, 241. See also *State v. Hoover,* supra. Since White was under restraint, the officer could reasonably conduct a search of the car because it was the instrumentality through which White committed the offense for which he was arrested. Particularly is this so as under the circumstances the officer might reasonably assume that a portion of the liquor consumed by White might still be in the car. Defendant contends that even if liquor was found, it would not follow that White drank it. It is just as reasonable for the officer to assume that if he found liquor White might admit that he drank part of it and thus become evidence at the trial. We thus hold that the search there conducted was pursuant to a lawful arrest.

But defendant contends that even though the search and seizure be lawful as to White, it was unlawful and unreasonable as to defendant, since he was not under arrest until after the search was made, citing as authority therefor *People v. Kinney,* 185 NYS 645; *Steeber v. United States,* 198 F2d 615; *United States v. Bush,* 269 F 455. None of these cases is in point. They either have to do with searching premises without a search warrant or with an invalid warrant. Further, the facts in the instant case do not show a search and seizure of the defendant. Here a search was made of a vehicle lawfully stopped upon a highway because it was the instrumentality through which a crime was committed in the presence of the arresting officer.

In *State v. Muetzel,* 121 Or 561, 254 P 1010, the sheriff obtained a valid search warrant authorizing him to search defendant's premises for a still or mash. While making the search, the officer discovered vinous liquor and moonshine and thereupon charged the defendant with the crime of possession of intoxicating

liquor. The evidence so obtained was held admissible, the court, at pages 564 and 565, stating:

 " 'The officer having entered upon the premises without having committed a trespass, and thus being lawfully there, and seeing a crime being committed, had a perfect right, and it was his plain duty, to seize the articles which were being used in committing the crime. In making such seizure, the officer could not do so by virtue of a search-warrant, but in performance of his general duty to prevent the commission of a crime.'

 "* * * * *

 "So, while it is a general rule that the officer in executing a search-warrant had no right to seize any property by virtue of such warrant other than that described therein, this does not affect his duty, if lawfully upon the premises, to seize property that he discovers by his own senses that is then and there being used as an instrumentality in the commission of a crime."

In *State v. Walker,* 135 Or 680, 296 P 850, the sheriff and deputy were passing farm buildings which had been vacant for some time, the owner being absent. He noticed cars parked and a light in the barn. The officer then investigated and found a dance in progress and the defendant there in possession of intoxicating liquor. The sheriff, therefore, seized the liquor and arrested the defendant for its possession. A motion was filed to suppress the evidence. The evidence was held admissible on the theory that the sheriff was not a trespasser and that upon seeing the liquor a crime was committed in his presence and that he had a right to arrest without a warrant and to seize the evidence.

■ And so in this case the automobile was being searched as incidental to a lawful arrest. The officer

was not, therefore, a trespasser. When he discovered the pistol and that the defendant was the owner of it without having a permit, it was not only his right but his duty to take the evidence into his possession. See also *People v. Jiminez,* 143 CA2d 671, 300 P2d 68. The motion to suppress the evidence was properly denied, and, therefore, the judgment of the trial court is affirmed.