## DRISKILL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 5, 1922.)

No. 3829.

1. **Criminal law ⬄1158(1)  Findings on conflicting evidence not disturbed.**

Findings of District Court on highly conflicting evidence ought not be disturbed by the Circuit Court of Appeals on writ of error.

2. **Searches and seizures ⬄7—Evidence held not to have been obtained in unreasonable search and seizure, in violation of Fourth Amendment.**

If both lessor and lessee had free access to garage on leased premises, and used it in common, and officers entered and searched the garage, and took a trunk and barrel therefrom at the invitation of and with the assent of lessee, in the presence of lessor, who disclaimed being in possession of the garage and having any interest in the trunk and barrel, the contents of the trunk and barrel, used as evidence in the prosecution of the lessor for having unlawful possession of intoxicating liquor, in violation of the National Prohibition Act, *held* not to have been obtained through an unreasonable search and seizure, in violation of Const. Amend. 4.

In Error to the District Court of the United States for the District of Arizona; Jeremiah Neterer, Judge.

David B. Driskill was convicted of having unlawful possession of intoxicating liquor, and he brings error. Affirmed.

Spencer B. Pugh, of Phœnix, Ariz., for plaintiff in error.

Frederick H. Bernard, U. S. Atty., of Tuscon, Ariz., and Francis D. Crable, Asst. U. S. Atty., of Phœnix, Ariz.

Before MORROW and HUNT, Circuit Judges, and DIETRICH, District Judge.

DIETRICH, District Judge. Defendant was convicted of having unlawful possession of intoxicating liquor (National Prohibition Act, 41 Stat. 314). He assigns as error (1) the reception of evidence alleged to have come into the possession of the government through a wrongful search and seizure; and (2) the refusal of the court to direct an acquittal because of the insufficiency of the evidence. The latter assignment is thought to be devoid of merit, and we dismiss it without discussion.

Search and seizure. On April 23, 1921, a deputy marshal, in company with two special agents and three state officers, went to the de-

fendant's residence, in Phœnix, Ariz., to search for liquor, in execution of what he supposed was a valid warrant. With two of the officers, he knocked at the front door, and was admitted by the defendant's wife. The other three members of the party, in another car, drove into the alley at the rear of the house. Upon either side of the alley at this point, was a garage, one appertaining to the defendant's residence, and the other on premises owned by him, but leased to and occupied by a family named Luttner. Each garage had double doors on the alley side, and these were open. As the officers brought their car to a stop near defendant's garage, they observed him just inside the other garage, doing something with a trunk, stooping over, and apparently pushing it back into the corner. Upon being accosted, he stated that he lived across the alley and was "putting some things over there," referring to the garage where he was first seen. The officers then informed him that the deputy marshal had gone around to the front to make a search of his house, whereupon he entered the house, and, upon hearing the warrant read, called attention to the fact that the number was not of his house, and angrily ordered the officers to get out.

The court below was apparently of the view that he afterwards changed his mind and consented to a search; but the question is not highly material, for the evidence objected to was found, not in the house, but in the garage across the alley. As already stated, this garage was wide open, and when defendant left the officers in the alley, to go into the house, they proceeded to investigate the place where he was seen with the trunk. They were about the premises from 20 to 40 minutes, and it would be difficult to relate the various incidents in the precise order in which they occurred. The liquor in question was found in the trunk and in a nearby barrel, in which there were also empty liquor bottles. Defendant returned or was brought back to the alley. Inquiry was made by the officers at the Luttner home as to the possession of the premises, and Mrs. Luttner came out to the garage. Undoubtedly the Luttners used the garage, and, as already stated, it was upon the premises which they held under lease. It was constructed some months after they first rented the place, and, although never very clearly expressed, the understanding seems to have been that defendant would build it for their use, but he was to be permitted from time to time to store in it some of his things.

[1, 2] By the court below, where the testimony was heard at length, this was held to be the most favorable view to the defendant that could be taken, and upon highly conflicting testimony it was further found that, at the time the officers were there, defendant disclaimed possession of the garage. These findings we ought not, and are not inclined, to disturb. But if, with the defendant, we assume that he and the Luttners both had free access to the garage, and used it in common, the officers were not trespassers. Upon such an assumption, Mrs. Luttner had the right to invite them in, or to assent to their entry. That she did so assent, and was willing that they remove the trunk and barrel, with their contents, there can be no doubt, and the weight of the evidence supports the view that the defendant all the time sought to have the officers understand that he was not in possession of the ga-

rage, and had no interest in the trunk or barrel. Under such circumstances, to hold the officers guilty of an "unreasonable" search and seizure, in violation of the Fourth Amendment, would be to make of the constitutional provision a fetish, instead of a shield against the invasion of personal and property rights.

The judgment will be affirmed.