## Keith v. Commonwealth.

(Decided January 23, 1923.)

### Appeal from Montgomery Circuit Court.

1. Criminal Law—Trial—Jeopardy.—A defendant is not in jeopardy when he is arraigned upon a warrant, information or indictment, which is insufficient in substance and form to charge him with a public offense.

2. Criminal Law—Defective Warrant—Setting Aside Swearing of Jury.—Where a defendant is arraigned on a warrant in the circuit court on appeal, which warrant is insufficient and the jury is sworn and evidence heard, the court may set aside the swearing of the jury and discharge the defendant without barring a prosecution against the defendant on the same facts upon a sufficient indictment.

3. Intoxicating Liquors—Act of 1922.—The prohibition act of 1922 is not violative of section 13 of the Constitution.

4. Intoxicating Liquors—Search Warrant.—Evidence obtained under an insufficient search warrant is inadmissible.

5. Intoxicating Liquors—Search Warrant—Defects.—A defendant cannot complain that a search was made of premises not under his possession even though the search warrant was insufficient.

W. B. WHITE for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, W. C. HAMILTON, Commonwealth's Attorney, and W. A. SAMUELS, County Attorney for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Keith was arraigned in the Montgomery quarterly court on a warrant purporting to accuse him of unlawfully having liquor in his possession. Being convicted his punishment was fixed at a fine and jail sentence. From this judgment he appealed to the Montgomery circuit court. There he demurred to the warrant, but the demurrer was overruled and the trial proceeded. At the conclusion of the evidence for the Commonwealth appellant moved the court to direct the jury to find and return a verdict in his favor. The Commonwealth's attorney asked for time to consider the motion. Later in the day the attorney for the Commonwealth moved the court to discharge the jury and quash the warrant, to which motion appellant objected and urged the court to sustain appellant's motion for a directed verdict in his favor. The court overruled appellant's motion for a directed verdict and sustained the motion of the Commonwealth to discharge the jury and dismiss the warrant. At the same term of the court the grand jury returned an indictment against appellant Keith accusing him of the offense of unlawfully having in his possession intoxicating liquors, which indictment was sufficient in form and substance. Being arraigned appellant pleaded not guilty, also in writing pleaded former jeopardy by being tried upon the same charge under the warrant, to which we above referred. The plea of former jeopardy was overruled and appellant put upon trial before a jury and convicted of the offense charged in the indictment and his punishment fixed at a fine and imprisonment in the county jail. From that judgment he appeals to this court for a reversal thereof on four grounds: (1) The affidavit upon which the search warrant was issued stated conclusions only and not facts, and therefore did not authorize the is-

sual of the search warrant, and the evidence obtained thereunder was incompetent; (2) that portion of the prohibition act of 1922, which authorized the introduction as substantive evidence of the general reputation of the defendant for bootlegging, is violative of the spirit if not the terms of section 13 of the Constitution of the state of Kentucky, and should not be upheld; (3) the evidence in this case did not authorize a conviction, and (4) the evidence discloses beyond question that the appellant had been formerly tried and acquitted on the charge under which he was convicted, and the court therefore should have directed the jury to have entered a verdict of not guilty.

1. The affidavit on which the search warrant was issued reads in part as follows: "The affiant, C. E. Duff says he is a citizen of this state; that he has reasonable grounds to believe and does believe, on personal knowledge and on information reliably obtained and verified, that in a house, etc.," intoxicating liquors are wrongfully possessed. This affidavit does not set forth the facts upon which the affiant Duff bases his belief, nor facts sufficient to have produced in the mind of the judge by whom the warrant was issued probable cause to believe that appellant Keith, or any one, had intoxicating liquors in possession unlawfully at the place mentioned in the warrant or elsewhere. The affidavit, therefore, was insufficient to justify the issual of the search warrant by a judge of the quarterly court. The search warrant issued upon the foregoing affidavit is even more deficient than the affidavit in that it does not mention the name of the accused Keith, or the name of any other person, and is in other respects insufficient. The sheriff was, therefore, unauthorized to make a search of the house and premises of appellant Keith under said alleged search warrant, and the search made thereunder being unlawful the evidence thus obtained was incompetent. Youman v. Commonwealth, 189 Ky. 152.

2. Appellant next insists that the prohibition act of 1922 is in violation of section 13 of the Constitution of our state in that said act attempts to authorize the introduction of the general reputation of the defendant for bootlegging as substantive evidence against him. With this contention we cannot agree. We can see no relation between the 13th section of the Constitution and the 15th section of the 1922 prohibition act. Undoubtedly the General Assembly has power to change the common law

rules of evidence by properly enacted statutes, and having undertaken in the proper manner to authorize the introduction of evidence proving the reputation of a defendant for bootlegging as substantive evidence, we can see no reason why such legislation should not be enforced if it does not contravene section 13 or some other provision of our fundamental law. Price v. Commonwealth, 195 Ky. 711; Handshoe v. Commonwealth, 195 Ky. 762; Fletcher v. Commonwealth, 196 Ky. 625.

3. It is next contended by appellant that a conviction was not authorized because the entire evidence, or a large part thereof, was obtained under an insufficient search warrant. It is true that the sheriff and two of his deputies made a search of the house and premises of appellant Keith under the alleged search warrant and at the trial testified as witnesses for the Commonwealth and introduced both the affidavit and the search warrant issued upon it as part of the evidence. Each of the witnesses, however, testified they did not find any whiskey in the house of appellant Keith nor on his premises. As they only had a warrant purporting to direct them to search the house and premises of Keith, liquor found by them elsewhere would not come under the prohibition of the rule announced in the case of Youman v. Commonwealth, *supra*. The evidence shows that when the sheriff and his deputies went to the house of appellant and allowed appellant to read it, that appellant said in substance to the officers, "All right, go ahead; my premises only go back to this fence and anything you find back of that I am not responsible for." After having searched the house from cellar to garret and the outside premises of appellant, the sheriff and his deputies went through a small gate or opening in the rear fence on to another lot in the possession of another party and following a path from the gate entered a barn or shed, only fifteen or twenty steps from the back door of appellant, where they found concealed several quarts of moonshine, which it is alleged belonged to appellant Keith. As the barn and premises beyond the fence were not in the possession of appellant Keith he cannot complain of the search made by the sheriff of those premises, although said search may have been unlawful. Bowling v. Commonwealth, 193 Ky. 642. It is said, however, that the sheriff and his deputies who testified as witnesses for the Commonwealth gave evidence concerning a certain path that led from the back door of appellant's house through his

premises to the gap in the fence near the barn and that this evidence was obtained under and by means of an insufficient search warrant. This contention is not sound, for we have written in the case of Royce v. Commonwealth, 194 Ky. 480, that where the thing found is open and obvious and can be seen by any one within a reasonable distance without making a search therefor, no search warrant is necessary. This path was very near a frequently used public alley and in view of persons residing in that vicinity and was such evidence as the sheriff and his deputies might have lawfully obtained without entering upon the premises of appellant at all. It was, therefore, competent under the facts of this case. Aside from the evidence given by the officers there was evidence given by Mrs. G. D. Sullivan, who assisted in the conduct of the Sullivan poultry yard, just across the alley from the premises of appellant, and who testified that she had on divers occasions seen appellant go to and from the shed in which the whiskey was found by the officers and that sometimes appellant carried bags and boxes into the shed and sometimes carried packages from the shed, and that one time she saw him bring from the shed either a bottle or a jar of white whiskey, such as that found by the officers in the shed, and which was introduced as evidence on the trial. All this evidence and that proving appellant's reputation as a bootlegger, was submitted to the jury, and when taken together is sufficient to sustain the verdict.

4. Appellant is very earnest in his insistence that his plea of former jeopardy should have been sustained by the trial court. If the warrant upon which he was tried in the quarterly court and from which judgment he appealed to the circuit court and upon which warrant he was there arraigned, had been sufficient in form and substance to have sustained a conviction for the offense of unlawfully having in possession intoxicating liquors, the plea would have been sufficient and should have been sustained, but the warrant was utterly insufficient and did not charge appellant with anything. In fact his name was not mentioned in the warrant and there was nothing in the warrant from which the court might have concluded that appellant was guilty of the offense attempted to be charged, or any offense. The rule is general and thoroughly established that a person is not in legal jeopardy until he is put upon trial in a court of competent jurisdiction upon indictment, warrant or information

which is sufficient in form and substance to sustain a conviction and a jury has been charged with his deliverance; and a jury is said to be thus charged when it has been impaneled and sworn. Scalf v. Commonwealth, 195 Ky. 830; Williams v. Commonwealth, 78 Ky. 93; Thomas v. Commonwealth, 150 Ky. 374; Bennett v. Commonwealth, 150 Ky. 604; Warmouth v. Commonwealth, 12 Ky. Opinions 387.

While the court has no power to discharge a jury which has been sworn and charged with the deliverance of a defendant in a criminal case, where the indictment, warrant or information is sufficient in form and substance to charge the defendant with a public offense and sustain a conviction without his consent and again refer the case to the grand jury, it has power in other cases in which the indictment, warrant or information is not sufficient in form and substance to charge a public offense to quash the pleading even after the swearing of the jury, and refer the matter to the grand jury, for the defendant in such case is not in legal jeopardy and he cannot, when arraigned upon a sufficient pleading charging the offense attempted to be charged in the former insufficient pleading, rely upon the constitutional provision prohibiting the putting of a defendant in jeopardy twice for the same offense.

There being no error to the prejudice of the substantial rights of appellant the judgment, for the foregoing reasons, is affirmed.

Judgment affirmed.