## Crawford v. Commonwealth.

(Decided April 24, 1923.)

### Appeal from Franklin Circuit Court.

1.  Intoxicating Liquors—Statute Making Evidence of Reputation for Violating Law Competent is Valid.—The General Assembly has power to change the common law rules of evidence by properly enacted statutes, and the provision of the Rash-Gullion Prohibition Act 1922, section 15, permitting evidence of the general reputation of the defendant for violations of the liquor laws, is valid, and such evidence is competent under the statute, though it would not be competent under the common law.

2.  Intoxicating Liquors—Evidence of Bad Reputation of Accused May be Received as Substantive Evidence.—Evidence of the bad reputation of accused for violating the liquor laws, which is admissible under the Rash-Gullion Prohibition Act, 1922, section 15, may be considered by the jury as substantive evidence of guilt, so that it was not error to refuse a requested instruction that such evidence could be considered only as affecting the credibility of accused as witness.

LESLIE W. MORRIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

From a judgment of conviction fixing his punishment at a fine of $100.00 and thirty (30) days in jail on a charge of selling liquor, appellant Crawford prosecutes this appeal. As grounds for a reversal of the judgment he asserts that the trial court erred in failing to instruct the jury that the evidence offered by the Commonwealth proving the bad reputation of appellant as a bootlegger, was not to be considered as substantive proof of the offense charged in the indictment, but could only be considered by the jury as affecting the credibility of appellant as a witness and not otherwise. His second contention is, that all the evidence offered by the Commonwealth with respect to the reputation of appellant as a bootlegger was incompetent and should have been excluded by the trial court.

Section 15 of the Rash-Gullion Prohibition Act, 1922, provides: "In any prosecution or proceeding for any violation of this act, the general reputation of the de-

fendant or defendants for moonshining, bootlegging or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants.'' Before the passage of the act a defendant's reputation for truth and veracity or morality might be impeached only after he testified as a witness in his own behalf. He then stood in the same attitude with respect to impeachment as other witnesses. In no case under the common law rule could evidence of the bad reputation of a defendant be introduced before he testified. His reputation could not be impeached unless he offered himself as a witness. This ancient rule of evidence was changed by the prohibition act, section 15, copied above, so as to allow evidence of the reputation of defendant in liquor cases. As stated in the case of Keith v. Commonwealth, 197 Ky. 362: ''Undoubtedly the general assembly had power to change the common law rules of evidence by properly enacted statutes, and having undertaken in a proper manner to authorize the introduction of evidence proving the reputation of a defendant for bootlegging as substantive evidence, we can see no reason why such legislation should not be enforced.'' The section of the statutes copied above is sufficiently broad and general in its terms to warrant the introduction of evidence of the general reputation of a defendant for moonshining, bootlegging or other violations of the prohibition laws by the Commonwealth in chief. The facts of this case, as will be seen, is a fine illustration of the intended operation of the act, for there were only two persons present at the alleged sale of the liquor—the seller and the buyer. The buyer was the only witness for the Commonwealth who undertook to testify concerning the transaction. He stated that he went to the back door of the house of appellant, in Franklin county, on a certain date and purchased from him a half-pint of whiskey and paid him for it. The appellant testified in his own behalf that he did not sell the witness liquor upon the occasion mentioned, or at any other time, and never had any such transaction with him. Plainly one of the men falsified. This transaction, as most liquor transactions, was had in secret. The general assembly when enacting the 15th section of the Rash-Gullion act had this in mind, and to overcome this difficulty provided that the Commonwealth might prove the general reputation of the accused for moonshining or trading in intoxicating liquors, as substantive

evidence. It was a wise provision, for otherwise a confirmed bootlegger who, it may be presumed and as actual experience shows, is generally a confirmed lie swearer, has so planned his business as to exclude all witnesses to the transaction, save the buyer, with the fixed purpose in case of indictment to overcome the evidence for the Commonwealth, which has but one witness, with the seller's own evidence. With this amendment to our law of evidence the Commonwealth may show that the person accused has the general reputation of carrying on this unlawful business, and thus bring to the jury a very valuable aid in determining which of the two men testifying has told the truth. Clearly it was the intention of the general assembly in enacting the 15th section of the said act to make the bad reputation of the accused for moonshining, bootlegging or other violations of the prohibition act substantive evidence against him. The court did not, therefore, commit error against the appellant in allowing the introduction of the evidence and in instructing the jury as in the case of substantive evidence.

For these reasons the judgment is affirmed.