STATE EX REL. TEAGUE, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,747.)

(Submitted May 18, 1925.  Decided May 21, 1925.)

[236 Pac. 257.]

*Prohibition — Intoxicating Liquor — Void Search-warrant —
Suppression of Evidence—Party Disclaiming Right to Pos-
session of Premises Searched or Property Seized cannot
Complain.*

1.  One charged with a violation of the liquor law *held* not entitled to
complain, on application for a writ of prohibition to the supreme
court, of the refusal of the district court to suppress evidence consist-
ing of a still and mash seized under a void search-warrant in an aban-
doned mining tunnel, where at the time of the search and at the
hearing of the motion to suppress he had disclaimed right to pos-
session of the tunnel or ownership of the articles there found—not
having any right in them, the acts of the searching officer were not
unlawful as to him.

Criminal Law, 16 **C** J., sec. 1110, p. 570, n. 90.

APPLICATION by the State, on the relation of Peter Teague,
for writ of prohibition to the District Court of the Fifth
Judical District in and for the County of Jefferson and Henry
G. Rodgers, Judge thereof.  Order to show cause quashed and
proceeding dismissed.

*Mr. John F. McGough,* for Relator, submitted a brief and
argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,*
Assistant Attorney General, for Respondents, submitted a
brief; *Mr. S. R. Foot* argued the cause orally.

OPINION: PER CURIAM.

On November 28, 1924, the sheriff of Jefferson county, ac-
companied by his deputy, acting under what they supposed to
be a valid search-warrant, entered the premises of the relator

and searched the buildings located thereon for evidence of violations of the laws relating to the manufacture and sale of intoxicating liquors. In course of the search the sheriff found one-half gallon of moonshine whisky in relator's residence, and in an abandoned mining tunnel, the entrance to which was about 75 to 100 feet from the back of the residence, the deputy sheriff discovered one ten-gallon still in operation, and about 100 gallons of mash, all of which articles the officers took into their possession and arrested the relator.

Thereafter, the county attorney of Jefferson county filed two informations against the relator in the district court; one charging him with the unlawful possession and the other with the unlawful manufacture of intoxicating liquor. At a subsequent time the relator made separate motions in the district court to suppress the use as evidence (1) of the one-half gallon of moonshine whisky; (2) the ten-gallon still and mash, and all facts in relation thereto acquired by the officers in connection with the search and seizure made by them. Separate hearings were had on these motions, in each of which oral testimony was introduced in addition to the supporting affidavits and counter-affidavits used by the relator and the state, respectively. After having these two motions under advisement, the court, on April 9, 1925, sustained relator's motion as to the one-half gallon of moonshine whisky and all evidence relative thereto, but denied the application in so far as it related to the ten-gallon still and the mash found in the mining tunnel.

The case on the information charging relator with the manufacture of intoxicating liquor was set for trial on April 29, 1925; and on April 26 he presented to this court his application for a writ to prohibit the district court from allowing the state to use as evidence on said trial the ten-gallon still, mash, and other evidence obtained by the sheriff and his deputy in connection with such search and seizure. As parts of this application relator presented for the consideration of

this court all the proceedings leading up to the issuance of the search-warrant under which the officers assumed to act, and also all of the proceedings, affidavits and testimony in connection with both of his motions for the suppression of the evidence. Upon filing this application an alternative writ of prohibition was issued, commanding the respondents to show cause before this court on May 18, 1925, why the relator should not be granted the relief demanded.

On the return day of this alternative writ the attorney general appeared for the respondents and filed a motion to quash the order to show cause on several grounds, among them being: "(3) That the record affirmatively shows that relator disclaims all ownership in and right of possession of, the premises searched and the property seized under the search and seizure complained of, and therefore relator has no interest in the subject matter of this action." It was admitted that the search-warrant proceedings were void on account of the failure of the applicant therefor to comply with the statutory requirements. The only matter which we deem it necessary to consider is that presented by the third ground of respondent's motion to quash, above quoted.

As disclosed in relator's application filed in this court, the facts [1] were that the sheriff and his deputy drove up to relator's premises in an automobile, having, as they supposed, a valid warrant for the search of the same, and informed the relator and his wife of the purpose of their visit. The sheriff then proceeded to search the dwelling-house where he found the half gallon of moonshine whisky, and also searched the barn and some other outbuildings, being accompanied in this search by the relator. Meantime the deputy sheriff went to an abandoned mining tunnel, located about 75 to 100 feet distant from the back of relator's dwelling-house, and found therein the still and mash, which are the only subjects of this controversy. After discovering these articles in the mining tunnel, the deputy called the sheriff, and together they made

a thorough search of the same and took possession of the still and mash.

On the hearings of the motions to suppress the testimony in the district court the relator testified in his own behalf, and, speaking of the search made by the officers, said: "And they searched some other place—another place there that has nothing to do with me at all."

The sheriff, testifying about the discovery of the still and mash, stated that, while he and his deputy were in the tunnel where these articles were found, the relator came in. As to what then took place the testimony of the sheriff was as follows: "Q. Were any statements made to you at that time by Mr. Teague concerning the still? A. Yes, sir. "Q. What were they?. A. He said that a couple of fellows were leasing there on this tunnel, and he didn't know that that stuff was in there until he came in this time." The relator did not deny having made these statements to the sheriff. Reading this testimony of the sheriff in connection with relator's declaration that the officers searched "another place there that has nothing to do with me at all" clearly indicates that relator disclaimed any right to possession of the tunnel and to the ownership of the still and mash found therein.

Although the acts of the officers in searching this tunnel and seizing the still and mash found in it may have been unlawful as to the possessors of the tunnel, since relator disclaimed the right of possession of both the tunnel and its contents, he is not in position to complain, as, according to his own statements, he had no right in them, and the acts of the officers therefore were not unlawful as to him. It is hardly necessary to cite authorities to sustain this determination, but reference is made to *Driskill* v. *United States* (C. C. A.), 281 Fed. 146, and *Keith* v. *Commonwealth*, 197 Ky. 362, 247 S. W. 42, in each of which a like result was reached under analogous facts.

This leads to the conclusion that the third ground of respondent's motion is well taken, and for this reason the

motion to quash the order to show cause is sustained and the proceeding dismissed.

*Dismissed.*

· MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.