STATE, RESPONDENT, *v.* OLSBY, APPELLANT.

(No. 5,943.)

(Submitted June 23, 1926. Decided July 13, 1926.)

[248 Pac. 192.]

*Intoxicating Liquors—Searches and Seizures—Party Disclaiming Interest in Property Seized cannot Question Validity of Search-warrant.*

1. Under the rule that one whose interests are not affected in any manner by the manner in which a search-warrant is executed, cannot question its validity, *held* that where defendant charged with the unlawful possession and sale of intoxicating liquor, disclaimed possession or occupancy of the premises searched and ownership of the liquor seized therein, he was not in a position to object to the use of the liquor as evidence in the trial of the cause on the ground that the warrant under which the officers acted was illegal.

[1] Criminal Law, 16 **C. J.**, sec. 1110, p. 570, n. 90.

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

CLARENCE OLSBY was convicted of unlawfully selling and possessing intoxicating liquor, and he appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. R. B. Hayes,* for Appellant.

The search-warrant in question is a blanket or general one directed to cover and search the entire buildings situated on the given lots, and therefore void for the reason that the description of the place to be searched under and by virtue of said search-warrant is vague, indefinite and far too general, and not a particular description of the place to be searched as required by the Constitution and laws of Montana. (*United States* v. *Chin On,* 297 Fed. 531; *United States* v. *Mitchell,* 274 Fed. 128; *United States* v. *Innelli,* 286 Fed. 731; *State* v. *Duane,* 100 Me. 447, 62 Atl. 80; *Commonwealth* v. *Certain Intoxicat-*

*ing Liquors,* 109 Mass. 371; *Nestor* v. *Commonwealth,* 202 Ky.
748, 261 S. W.˙ 270; *Commonwealth* v. *Certain Intoxicating
Liquors,* 115 Mass. 142; *State ex rel. King* v. *District Court,*
70 Mont. 191, 224 Pac. 862.)

Evidence obtained and acquired under and by virtue of an
illegal search and seizure by the government is not admissible
against the accused in a criminal case, where timely motion has
been made by the defendant to suppress the evidence so obtained
and acquired under such illegal search and seizure. (*State
ex rel. Thibodeau* v. *District Court,* 70 Mont. 202, 224 Pac. 866;
*State ex rel. King* v. *District Court,* 70 Mont. 191, 224 Pac.
862; *State ex rel. Sadler* v. *District Court,* 70 Mont. 378, 225
Pac. 1000.)

*Mr. L. A. Foot,* Attorney General, *Mr. A. H. Angstman,*
Assistant Attorney General, and *Mr. Rudolph Nelstead,* County
Attorney of Custer County, for the State, submitted a brief;
*Mr. Nelstead* argued the cause orally.

The defendant contends that his constitutional rights have
been invaded by reason of the fact that the Olive Annex in
which the intoxicating liquors, used as evidence, were found
by the state special officer, is not described with sufficient
definiteness. The defendant disclaimed any possession of the
Olive Annex or any part thereof or of any property in the
Olive Annex and for that reason we respectfully contend that
there is no merit in the defendant's argument. The general
rule is that one whose interests are not affected in any manner
by the search-warrant cannot question the validity thereof. If
a party claims that the property seized or the premises did
not belong to him, he is thereby debarred from availing him-
self of the illegality of the search and seizure. His rights
must, in some manner, have been affected by the proceedings,
either by the seizure of the property or otherwise, before he
can be heard on the validity of the warrant. (See Cornelius
on Search and Seizure, 242; *Chanosky* v. *State,* 52 Okl. 476,
153 Pac. 131; *Lusco* v. *United States,* 287 Fed. 69; *United*

*States* v. *Kaplan*, 286 Fed. 963; *Chicco* v. *United States*, 284 Fed. 434; *Remus* v. *United States*, 291 Fed. 501; *United States* v. *Silverthorne*, 265 Fed. 853; *Schwartz* v. *United States*, 294 Fed. 528; *MacDaniel* v. *United States*, 294 Fed. 769; *Haywood* v. *United States*, 268 Fed. 795; *Wilson* v. *United States*, 221 U. S. 361, Ann. Cas. 1912D, 558, 55 L. Ed. 771, 31 Sup. Ct. Rep. 538; *Wheeler* v. *United States*, 226 U. S. 478, 57 L. Ed. 309, 33 Sup. Ct. Rep. 158; *Johnson* v. *United States*, 228 U. S. 457, 57 L. Ed. 919, 33 Sup. Ct. Rep. 572, 47 L. R. A. (n. s.) 263; *Walker* v. *State*, 194 Ind. 402, 142 N. E. 16; *Earle* v. *State*, 194 Ind. 165, 142 N. E. 405; *McCarty* v. *Commonwealth*, 200 Ky. 287, 254 S. W. 887; *Neely* v. *Commonwealth*, 201 Ky. 165, 256 S. W. 19; *State ex rel. Teague* v. *District Court*, 73 Mont. 438, 236 Pac. 257.)

MR. JUSTICE STARK delivered the opinion of the court.

· The defendant was convicted of unlawfully selling and unlawfully possessing intoxicating liquor at a trial in the district court of Custer county, on March 31, 1925, and on April 4 was by judgment of the court sentenced to pay a fine and be imprisoned in the county jail of that county. From this judgment he has appealed to this court and by his assignments of error raises but one point, namely: That the court erred in admitting in evidence at the trial certain liquors which had been seized by the officers under and by virtue of a search-warrant.

It appears from the record that on November 3, 1924, one Marien appeared before the judge of the district court of Custer county and made an affidavit to the effect that the defendant had, on several occasions immediately preceding the making of the affidavit, sold intoxicating liquors to the affiant, and that such liquors were then unlawfully kept for sale by the defendant at and within certain buildings commonly known as the Olive Bar and the building in the rear thereof known as the Olive Annex, situated on described lots located in Miles City. After examining the complainant orally and con-

[77 Mont. 24.]

sidering his affidavit, the court found that there was probable cause for believing that liquor was possessed, kept for sale, and sold on the premises described, and thereupon issued a warrant to search the same, which was served by a special officer of the state. The officer serving the warrant found some intoxicating liquors in a room on the lower floor of the Olive Annex, seized it, and made his return to that effect, and thereafter the county attorney filed an information charging the defendant in separate counts with the possession and sale of intoxicating liquor.

The defendant made a timely motion to suppress the use of this liquor as evidence against him, on account of alleged defects in the search-warrant proceedings, which motion was denied by the court. At the trial the defendant made objection to the introduction in evidence of the liquor obtained in the search-warrant proceedings upon the same grounds and for the same reasons mentioned in the motion to suppress its use as evidence, which objections were by the court overruled, and in this court he undertakes to show that the search-warrant proceedings were so irregular that the court was in error in admitting the liquor obtained thereunder. We do not, however, find it necessary to inquire into the regularity of these proceedings, for the reason that the record shows that the defendant is not in a position to question them.

On pages 12 and 13 of this brief filed in this court, defendant's counsel, referring to the questioned evidence, says: "The intoxicating liquors were seized in a room on the lower floor of the Olive Annex. There are 14 rooms on the lower floor of said annex; the annex being a 3-story building with rooms on each floor of same, and being occupied by persons other than the defendant, some permanent and some transient guests at said hotel. The defendant rented from the Keye Hotel Company, which company runs and operates the Olive Hotel property, 2 rooms in the main building, or Olive Hotel. He never occupied nor was he in possession of any of the rooms in the Olive Annex in which the intoxicating liquor was seized."

In his testimony given at the hearing on the motion to suppress, and also upon the trial of the action, defendant insisted that he did not have possession of the Olive Annex, nor any part thereof, at the time of the alleged unlawful search, and that the liquor found therein by the officers did not belong to him.

The rule is that one, whose interests are not affected in any [1] manner by the search-warrant, cannot question the validity thereof. If a party claims that the property seized, or the premises searched, did not belong to him, he is thereby precluded from questioning the legality of the search and seizure. This proposition was settled in this jurisdiction by the decision in the case of *State ex rel. Teague* v. *District Court,* 73 Mont. 438, 236 Pac. 257. In that case the sheriff of Jefferson county, acting under a search-warrant which he supposed had been regularly issued, but which it afterward developed had not been, found a still and some mash in an abandoned mining tunnel, which he took into his possession and held as evidence to be used at the trial of a criminal case charging defendant Teague with violating the prohibition law in connection therewith. Before the trial Teague applied to this court for a writ of prohibition after having moved the district court to suppress the use of the seized articles as evidence on account of the defects in the search-warrant. In the hearing on the motion to suppress the evidence and upon the application for the writ in this court it appeared that Teague disclaimed any right to possession of the tunnel or ownership of the articles found therein. In disposing of the application for the writ this court said: "Although the acts of the officers in searching this tunnel and seizing the still and mash found in it may have been unlawful as to the possessors of the tunnel, since relator disclaimed the right of possession of both the tunnel and its contents, he is not in position to complain, as, according to his own statements, he had no right in them, and the acts of the officers, therefore, were not unlawful as to him.

It is hardly necessary to cite authorities to sustain this determination, but reference is made to *Driskill* v. *United States* (C. C. A.), 281 Fed. 146, and *Keith* v. *Commonwealth,* 197 Ky. 362, 247 S. W. 42, in each of which a like result was reached under analogous facts." Other authorities sustaining the same principle will be found in Cornelius on Search and Seizure, p. 242, par. 81, and note.

Since the defendant disclaimed the right to the possession or occupancy of the rooms in the Olive Annex which were searched, and likewise disclaimed ownership of the property therein seized, he was not in position to question the validity of the search and seizure. For this reason the court did not err in allowing the use of the seized property as evidence against the defendant, and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, and ASSOCIATE JUSTICES HOLLOWAY and MATTHEWS concur.

MR. JUSTICE GALEN, being absent, did not hear the argument and takes no part in the foregoing decision.