## UNITED STATES v. 185 CASES SCOTCH WHISKY.

(District Court, D. Rhode Island. November 19, 1926.)

No. 1837.

1. **Intoxicating liquors** ⊚⇒249.

Disclaimer by occupants of knowledge of presence of liquor found on premises *held* sufficient to justify removal by officer without search warrant.

2. **Searches and seizures** ⊚⇒7.

Under evidence showing occupants disclaimed knowledge of liquor found in garage in basement of dwelling, seizure by officer without formal application for search warrant *held* not unreasonable.

3. **Intoxicating liquors** ⊚⇒251.

Claimant of liquor testifying to unlawful possession is not entitled to its return.

4. **Searches and seizures** ⊚⇒7.

Officer seizing property after disclaimer by occupant of dwelling in basement of which liquor was found cannot be said to have violated constitutional right of occupant.

Forfeiture Libel. Proceeding by the United States against certain seized property, to wit, 185 cases of Scotch whisky. Decree of forfeiture to United States.

Rosenfeld & Hagan, Daniel T. Hagan, and Charles A. Kiernan, all of Providence, R. I., for claimant.

Fred B. Perkins, Asst. U. S. Atty., of Providence, R. I.

BROWN, District Judge. This is a libel of information against certain seized property, to wit, 185 cases Scotch whisky.

After due notice to all persons, a decree of default was entered July 2, 1926, as to all persons except Lillian Church, of the town of Portsmouth in the county of Newport, claimant.

Prior to the filing of this libel proceedings had been taken by said Lillian Church to require the prohibition administrator to show cause why the seizure should not be abandoned. See opinion of this court in Law No. 1767, Church v. Goodnough (March 11, 1926) 14 F.(2d) 432.

By answer filed June 30, 1926, to this libel of information filed June 14, 1926, said Lillian Church asserted:

"That the evidence upon which this libel is based was obtained in violation of her constitutional rights, that said property was seized in the private dwelling of the defendant by federal officers without a search warrant, and that said property so seized was in the possession of your claimant in her private dwelling at the time of the seizure."

The claimant prays that all evidence obtained in pursuance of said search and seizure be suppressed, that the libel be dismissed, and for an order directing the return of said property to the claimant.

Upon final hearing oral testimony of federal and state officers and of the claimant was presented. It appears that on August 30, 1924, a federal prohibition agent, B. F. Mullen, accompanied by Chief of Police Deegan, of Portsmouth, Police Officer Birtwistle of Portsmouth, Thibeault, a constable of Fall River, who acted as chauffeur, and a Mr. Cook, who was not an officer, visited a house or shack on the shore. A portion of the house was occupied by the claimant as a dwelling. A portion of the building stands on posts and the water at high tide would probably go under the building. Under the house was an inclosed space used as a garage by one Gagnon, and possibly as a cellar for storage of coal, wood, etc., by Lillian Church.

Before entry into the house or cellar, the officers had seen cases of liquor through a crack in the door. After a conversation, Gagnon procured a key and unlocked and opened the door to the garage or cellar containing 185 cases of Scotch whisky.

Upon consideration of the testimony, I find as a fact that both Gagnon and Lillian Church made a complete disclaimer of any knowledge of this liquor; that inquiry was made of Gagnon as to how the liquor got there. He said he did not know; he found it there in the morning; that he knew nothing about it; that it was not his liquor; that

Lillian Church was asked if it was her liquor, and she said she did not know a thing about it and denied all knowledge or ownership; that both stated that they were out the night before and the liquor was not discovered until the morning of the day of the seizure; that they both denied ownership or knowledge of how it got there or anything about it.

The prohibition officer testified that after making these inquiries and receiving the answers, he said:

"I says, 'This liquor does not belong to you,' to Gagnon and to the Church woman; 'I am going to remove it because it is contraband liquor. It is Scotch imported whisky and has no right to be here.'"

[1] If it were true, as stated by both Gagnon and Church, that the liquor had been placed in the garage overnight without their knowledge or consent, neither of them could be said to have taken or held possession. The mere presence of the liquor in the garage without the assent of either Gagnon or Church and without their knowledge, and their disclaimer of any knowledge or ownership of this liquor, was enough to justify the officer in the belief that he was infringing upon no rights in removing the liquor from the premises without a formal application for a search warrant.

[2] The weight of the evidence shows that the claimant, Church, as well as Gagnon, sought to have the officers understand that they were in no way concerned with these liquors. Under the circumstances it cannot be said that the seizure was an unreasonable seizure.

[3] Testifying before the court, however, the claimant told a different story concerning her knowledge of the goods from that which she told the officers. She testified that she objected to Gagnon's taking the key to the cellar and said that the liquor was hers, that Gagnon had no right or control over it, and that Gagnon had only her permission for the use of her cellar as a garage. She testified further that her nephew brought the liquor to her cellar four or five months before the seizure, and it was left in her possession; that her nephew said to "leave it there till he wanted it or else I could have it." The claimant thus having voluntarily testified to her unlawful possession of the liquor cannot be entitled to its return.

[4] The question of the reasonableness of the seizure without a warrant must be determined, however, upon the testimony as to what occurred at the time of the seizure.

That the claimant said that the liquors were not hers was testified to by four witnesses. The officers, acting upon the complete disclaimer of personal or property rights in the liquor, cannot be said to have violated any constitutional right of this claimant. Driskill v. United States (C. C. A.) 281 F. 146.

The disclaimer of all knowledge was in substance a disclaimer of voluntary possession as well as of ownership. Thorpe on Prohibition and Industrial Liquor, § 370, p. 244.

The application for a return of the liquors to the claimant is denied.

A decree of forfeiture to the United States may be entered.