## Hunt v. Commonwealth.

(Decided Feb. 19, 1935.)

E. J. PICKLESIMER for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Freeland Hunt appeals from a judgment convicting him of storehouse breaking, and fixing his punishment at one year's imprisonment.

The facts are these: Carroll Walker operates a store on Lower Johns creek, in Pike county. He placed

in the showcase over the money drawer two $1 bills and kept a copy of the serial numbers, and he also had on hand a penny with a large hole in it and a nickel that had been burned and turned red and looked like a penny. On the night of March 31, 1933, the storehouse was broken into, and the two bills, the penny and the nickel, together with a quantity of merchandise, were taken. Early the next morning Walker discovered that his store had been entered. Near the store he observed certain tracks made by a horse and mule. He followed the tracks, and they led to the home of Sam Hunt, in Martin county. He then went and got a search warrant from Squire Copley in Martin county, and he and a deupty sheriff from Martin county and others went to the home of Sam Hunt. In the barn they found a horse which made a track similar to the one found near his store. The only goods that were found at the Hunt home was a bag of meal which Walker identified as coming from his store. Afterwards Freeland Hunt was arrested, and in his pants pocket were the two $1 bills that had been in the showcase of the Walker store. Bill McCoy was found at his home, and besides other change he had in his pocket the nickel and the penny that came out of the store. According to Bob Hopkins, the deputy sheriff, appellant was arrested under the search warrant and then searched. Afterwards Hopkins returned the search warrant to the county court of Pike county. The clerk of the Pike quarterly court made a search for the search warrant, but was unable to find it. J. A. Runyon, an attorney, saw the search warrant at the time of the examining trial of Hunt and McCoy, and testified that it was directed to the sheriff or constable of Martin county, "to search the premises, outbuildings, possessions, saddle bags, etc., of Sam Hunt, Freel Hunt, Dow McCoy and Bill McCoy for merchandise." It also gave the serial number of the two $1 bills and named certain other merchandise. The warrant was signed by a magistrate of Martin county. His name he believed was Copley or Copeley. On the night the store was broken into, R. E. Blackburn, who lived about six miles from the storehouse, saw Freel Hunt and Bill McCoy ride by on horses. Roy Smith also testified that he saw Freel Hunt and Bill McCoy together on the same night.

On the other hand, appellant testified that he was at his home in Martin county the night the storehouse was broken into, and did not get up until 7 o'clock the

next morning. He did not break into the store, and knew nothing about it. He sold his watch to Jonah Hunt for the two $1 bills that were found in his pocket. He had had the bills about a week. He did not have a trunk in the house at the time of the robbery. The officers looked in a trunk at the house and found some calico and piece goods in it. Tilda Hunt, appellant's mother, and others testified that appellant was at home the night of the crime. Jonah Hunt testified that Freel gave him a cheap watch, and he gave Freel two $1 bills for the watch. He did not know how long it was before Freel was arrested.

The sole ground on which a reversal is asked is that the evidence obtained by the search of Sam Hunt's home was inadmissible on the ground that the loss of the alleged search warrant was not proven by the proper custodian, and that, even if the loss had been properly proven, the facts stated in the warrant were too vague and indefinite to authorize a search of the Hunt premises. Whether either of these contentions is sound, we need not decide. The house and barn were not the property of appellant, but were the property of his father, Sam Hunt. It is not claimed that the room occupied by appellant was searched, or that any portion of the premises actually searched was in his possession or under his control. It is no ground for the exclusion of evidence that it was obtained by a search of premises, owned, possessed, and controlled by another, even though the search warrant was insufficient. Keith v. Commonwealth, 197 Ky. 362, 247 S. W. 42.

We next come to the evidence obtained by the search of appellant's trousers. Whether, if he had objected at the time to the search, and on the trial had objected to, or had moved to exclude, the evidence thereby obtained and had stood on his rights, the admission of the evidence would have been prejudicial error, we need not determine. Not only did appellant not object to the search of his trousers, but he took the stand in his own behalf and readily admitted having in his possession the two $1 bills, but claimed that they were paid to him for a watch he had sold to Jonah Hunt. It is therefore clear that the admission of the evidence was not prejudicial.

Judgment affirmed.