## STRATTON v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 18, 1953.

E. R. Gregory, Bowling Green, for appellant.

J. D. Buckman, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Henry Stratton, was found guilty of the third violation of local option laws contained in Chapter 242 of the Kentucky Revised Statutes and under KRS 242.990, which fixes the punishment for the violation of local option laws, his punishment was fixed at 1 year in the penitentiary. From this judgment he appeals.

On August 8, 1950, judgment was entered in the Allen Circuit Court upon a plea of guilty to a charge against the defendant of having in his possession whiskey for the purpose of sale (second offense) under which he was fined $50 and sentenced to 60 days in jail. The record discloses that appellant had theretofore been fined $20 and confined in the county jail for a period of 30 days and, although it is not too clear that this sentence resulted from a violation of local option laws in dry territory, the parties proceeded upon the assumption that it had. In any event, the judgment of August 8, 1950, was upon a conviction for the second violation of local option laws in dry territory.

On the night of August 22, 1951, the sheriff of Allen County and a detective from the State Police Department were cruising along Highway 231 in Allen County at a low rate of speed when a car crossed the yellow line on a curve and passed them. They overtook the car, stopped it and found that Henry Stratton, who was known to them, was driving. He was asked for his driver's license and then was asked what he was hauling. He answered, "Some beer." The officers asked to see it and he questioned, "Have you a search warrant"? They replied that they did not have one but could get one and told him that if he wanted to volunteer to open up, it would be all right but if he didn't, they would get a search warrant. Stratton said he didn't want to be "ex-

posed" and unlocked the trunk of the car where was found 10 half cases containing 120 cans of beer in all. The officer placed no charge against Stratton for reckless driving or passing, on a yellow line but charged him with transporting beer in dry local option territory.

During the 1952 September term of the Allen Circuit Court, which was held more than a year after he was arrested in August, 1951, Stratton was indicted for the third violation of provisions of Chapter 242 of the Kentucky Revised Statutes which deal with local option laws. Section 242.990 of that chapter fixes the penalties for such violations as follows: For first offense—a fine of not less than $20 nor more than $100 and imprisonment for not less than 30 days nor more than 60 days; For second offense—a fine of not less than $40 nor more than $200 and imprisonment for not less than 60 days nor more than 120 days; For third and each subsequent offense—confinement in penitentiary for not less than 1 nor more than 2 years.

Appellant argues that violations penalized by the statute are separate misdemeanors of equal dignity in reaching the final result and that the third offense must be charged within 1 year of the return of the indictment just as must be done in connection with any other misdemeanor and it is only upon a finding of guilty of the third offense that the penalty of a felony is imposed. We cannot accept this thesis. Public offenses are any acts or omissions for which the law has prescribed a punishment. These offenses are grouped under two classifications—felonies and misdemeanors. A felony is an offense for which the punishment is death or confinement in the penitentiary and all other public offenses are misdemeanors. Criminal Code of Practice, Sections 4, 5, 6 and 7. Therefore, when the legislature prescribed a penalty of confinement in the penitiary for the third offense, it placed this crime in the category of a felony. KRS 431.090 provides that prosecutions for felonies, unless otherwise specially provided, shall not be barred by lapse of time or

any law of limitations. Taylor v. Commonwealth, 291 Ky. 625, 165 S.W.2d 169.

It is contended that KRS 242.390, which permits, in actions for violation of local option laws, the introduction of evidence of the general reputation of the defendant for bootlegging or being engaged in transporting, selling, or keeping alcoholic beverages for the purpose of sale, is unconstitutional. In Keith v. Commonwealth, 197 Ky. 362, 247 S.W. 42, it was pointed out that such statutes merely change a common law rule of evidence and are not in conflict with Section 13 of our Constitution. This statement was reaffirmed in Crawford v. Commonwealth, 198 Ky. 726, 249 S.W. 1033, and in Brown v. Commonwealth, 199 Ky. 831, 251 S.W. 994. The court properly admitted testimony of appellant's reputation.

We find no objectionable feature in the search of appellant's car. It is undisputed that he had committed a traffic violation. The officers, in discharge of their duty, stopped him and then he voluntarily submitted to a search of his automobile. This case is similar in fact to Commonwealth v. Bentley, Ky., 259 S.W.2d 441, and is governed by the law therein discussed.

The Commonwealth's attorney made this statement to the jury:

"We showed you that he had this beer in his car. He was transporting it and transporting it for sale. Now, gentlemen, don't get fouled up on that. (Objection, overruled, exception.) According to law in this state, a man who has been convicted prior to the present charge all that you have to show under the law is to show his reputation. That

was complied with. (Objection, overruled, exception.)"

The statement, "A man who has been convicted prior to the present charge all that you have to show under the law is to show his reputation," standing alone is not correct (if the phrase, "all you have to show" is equivalent to "is sufficient to sustain a verdict of guilty") but when these words are woven into the fabric of his argument, they are not misleading, and could not have been prejudicial.

After this case had been submitted to the jury, one of them requested permission to ask the court a question. Upon inquiry by the court, the appellant agreed that the court might answer the question. Thereupon, the jury returned into open court and asked the question: "How much beer could the defendant have in his possession for his own personal use"? The court informed the jury that he could not answer the question; that he did not drink beer himself and that they had the law and they had the evidence and they must decide for themselves. It is not uncommon for a court to permit a jury to ask a question and then properly refuse to answer it. He has no means of knowing its content until it is uttered. The grant of a right to ask a question does not carry with it a covenant that it will be answered. It has not been required, in cases of this nature, that a concrete instruction be given concerning the amount of alcoholic beverage a person may possess for his own use. The court had by written instructions given the law of the case and he was under no duty further to augment them by oral statements.

We have found no prejudicial error in the record and the judgment is affirmed.