MR. JUSTICE WEBER
dissents:
I would hold that the defendant does not have standing to contest the search of his car and the objects inside the car. A review of the search and seizure provisions of our code is enlightening. Section 46-5-101, MCA, describes the basis for a search and seizure and applies where a search is made incident to a lawful arrest, by the authority of a valid search warrant, under the authority of a right of lawful inspection, and of particular import here, “with the consent of the accused . . .” Here, section 46-5-101 is not applicable in any way. Note that if the defendant had consented to the search of his automobile, the code section would have been applicable. Section 46-5-102, MCA, describes the manner in which a peace officer may search following a lawful arrest, and again, this section is not directly applicable. Next, section 46-5-103, MCA, the section quoted in the majority opinion provides in part:
*345 “No search and seizure, whether with or without warrant, shall be held to be illegal as to a defendant if:
“(1) the defendant has disclaimed any right to or interest in the. . . object searched or the instruments, articles, or things seized.” (Emphasis added.) Section 46-5-103, MCA, is a codification of the rule established by this Court in State v. Nelson (1956), 130 Mont. 466, 304 P.2d 1110. The Court affirmed the refusal of the District Court to suppress evidence seized in a search of an automobile without a search warrant, where the defendant Nelson had disclaimed any ownership or right to possession of the car or of any property taken therefrom. This Court quoted from an earlier Montana case and stated:
“What was said by this court in State ex rel. Teague v. District Court [1925], 73 Mont. 438, 441, 236 [P.] page 257, 258, rules this case so far as the motion to suppress is concerned. There this court said:
‘“Although the acts of the officers in searching this tunnel and seizing the still and mash found in it may have been unlawful as to the possessors of the tunnel, since relator disclaimed the right of possession of both the tunnel and its contents, he is not in a position to complain, as according to his own statements, he had no right in them and the acts of the officers therefore were not unlawful as to him. It is hardly necessary to cite authorities to sustain this determination, but reference is made to Driskill v. United States, 8 Cir., 281 F.146, and Keith v. Commonwealth, 197 Ky. 362, 247 S.W. 42. In each of which a like result was reached under analogous facts.’
“This is the rule throughout the country, see annotations in 214 A.L.R., page 1425; 32 A.L.R., page 415; 41 A.L.R., page 1151; 52 A.L.R., page 487; 88 A.L.R., page 365; et seq.; 134 A.L.R., page 831; 150 A.L.R., page 577.” State v. Nelson, 130 Mont. at 471, 304 P.2d at 1113. This decision has not been overruled or modified.
The same view is expressed in Elledge v. United States, (9th Cir. 1966), 359 F.2d 404, in which the Court of Appeals denied the motion to suppress evidence, where, in response to an officer’s question as to what was in a package, the defendant *346 had said, “I don’t know. It’s not mine.” The court stated in part:
“Such disclaimer of ownership by the appellant is analogous to abandonment. Cf. Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, [698] 4 L.Ed.2d 668 (1960). In both cases the same message, by act or word, is delivered to the officer: that as to the actor or speaker there is no interest which would be invaded by search or seizure. Lack of warrant does not under these circumstances render search or seizure unreasonable as to the actor or speaker.” Elledge v. United States, 359 F.2d at 405.
In a similar manner, in Rakas v. Illinois (1978), 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, 395, the Court stated:
“A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person’s premises or property has not had any of his Fourth Amendment rights infringed.” (Emphasis added.)
An extended discussion of cases with similar holdings does not appear appropriate. We do note that Wayne LaFave, a leading authority on search and seizure, distinguishes between abandonment and disclaimer of ownership. LaFave takes the position that disclaimer of ownership should not be held tantamount to a waiver of Fourth Amendment protection, but notes that a number of courts have so held. W. LaFave, 3 Search and Seizure § 11.3 (1978, Supp. 1981).
Recent United States Supreme Court cases involving the question of standing to challenge the legality of searches, have emphasized the importance of a defendant’s legitimate or reasonable expectation of privacy in the premises or objects searched. Rakas, supra; United States v. Salvucci (1980), 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619; Rawlings v. Kentucky (1980), 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633.1 am unable to see how the defendant could have had a reasonable expectation of privacy in opaque bags in the trunk of a car, when he had stated he did not own the car, he did not know who did own the car, and he did not know where the keys to the car’s trunk were located.
The unfortunate result of the majority opinion is that, once again, reliable evidence establishing a clear basis for convic *347 tion is suppressed. The majority’s broad application of the exclusionary rule has again exacted a substantial social cost. As stated in Rakas v. Illinois, 439 U.S. at 137, 99 S.Ct. at 427, 58 L.Ed.2d at 397:
“Each time the exclusionary rule is applied it exacts a substantial social cost for the vindication of Fourth Amendment rights. Relevant and reliable evidence is kept from the trier of fact and the search for truth at trial is deflected. (Citations omitted.)”
I would hold that the District Court properly denied the defendant’s motion to suppress the evidence obtained from the search of the car.